No. 88-70

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

SHEFFIELD INSURANCE COMPANY,

        Plaintiff and Respondent,

-vs-

LIGHTHOUSE PROPERTIES, INC., a Montana
corporation, GORDON R. HARDING, d/b/a
ANCIENT MARINER BAR, VINCE KELLY and
TODD TIBBETTS,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Boone, Karlberg & Haddon; Sam Haddon argued, Missoula,
        Montana

    For Respondent:

        Garlington, Lohn & Robinson; Steven S. Carey argued,
        Missoula, Montana

Submitted:  September 22, 1988

Decided:  October 31, 1988

FILED '88 OCT 31 PM 1 31 CLERK MONTANA SUPREME COURT

Filed

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is a declaratory judgment action which arose out of a personal injury suit filed by Mr. Tibbetts against the bar that Sheffield Insurance Company (Sheffield) insures. The action requested dismissal of Sheffield as a defendant because of an insurance policy clause excluding coverage for so-called "liquor liability." The District Court for the Twentieth Judicial District, Lake County, held that the policy language clearly and unambiguously excludes this claim and granted summary judgment to Sheffield. Mr. Tibbetts appeals. We affirm.

The issues are:

1. Did the District Court err in determining that Mr. Tibbetts' personal injury claim is excluded by the terms of Sheffield's insurance policy?

2. Did the District Court err in determining that no issues of fact were present and that summary judgment was proper?

The relevant facts forming the basis for the personal injury suit are as follows. Mr. Tibbetts was injured in an automobile accident on October 6, 1985, while riding as a passenger in a car driven by Vince Kelly. Mr. Tibbetts sustained a broken neck and was rendered a quadriplegic. He sued Mr. Kelly, the driver, and Mr. Harding, d/b/a Ancient Mariner Bar, for personal injuries. Mr. Tibbetts and Mr. Kelly had allegedly been drinking at the establishment the evening of the accident and both allegedly left the bar in an intoxicated state. In his complaint against the bar owner, Mr. Tibbetts alleged that Mr. Harding and his employees violated §§ 16-3-301 and 304, MCA, by selling alcohol to the driver, Mr. Kelly, when they knew or should have known of Mr. Kelly's condition. The pleadings allege that Mr. Tibbetts'

2

injuries were the direct result of Mr. Harding's negligence in selling alcohol to Mr. Kelly. Mr. Tibbetts also alleges negligence on the part of Mr. Harding in his management and supervision of bar employees.

At the time of the accident, Mr. Harding was insured by Sheffield. The policy covered liability for Harding arising from operations of the Ancient Mariner Bar unless that liability was imposed solely by reason of certain exclusions in the policy. The exclusion which was the subject of the declaratory judgment and also of this appeal states:

This insurance does not apply:

. . .

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;

3

The District Court interpreted this policy provision as exempting coverage. Mr. Tibbetts appeals this determination and challenges the use of a declaratory judgment and the granting of summary judgment.

I

Did the District Court err in determining that Mr. Tibbetts' personal injury claim is excluded by the terms of Sheffield's insurance policy?

Sheffield contends that the clear language of the policy excludes coverage because all of Mr. Tibbetts' claims are based on the sale or service of alcohol. Mr. Tibbetts contends that the policy exclusions are to be narrowly construed and do not apply when a cause of action is based on a theory of negligence. He argues that tavern owners' liability based on negligence is to be distinguished from liability imposed by reason of the sale or service of alcohol. Mr. Tibbetts' reasoning is based on the case of Nehring v. LaCounte (Mont. 1986), 712 P.2d 1329, 43 St.Rep. 93, in which this Court first recognized tavern owners' liability for injuries arising from the sale of alcohol based on a theory of negligence.

In Nehring, this Court found the bar owner liable since "consumption of the alcoholic beverages served, subsequent driving, and the likelihood of an injury-producing accident are foreseeable intervening acts which do not relieve the tavern owner of liability for negligence." Nehring, 712 P.2d at 1335. This Court held that violation of the alcoholic beverage control statutes was not negligence per se, and stated that, "Therefore we judicially adopt the alcoholic beverage control statutes as furnishing a standard against which negligence or due care can be measured." Nehring, 712 P.2d at 1334.

Mr. Tibbetts contends that under Nehring, Sheffield's exclusion clauses should be construed to exclude coverage

4

only where liability is imposed per se as a violation of a statute or by the sale or service of alcohol. Since Sheffield's exclusion clause only addresses the violation of a statute or sale or service of alcohol, Mr. Tibbetts contends that the exclusion language is not triggered if a cause of action is brought in negligence, and that the analysis should then proceed as outlined in Nehring. That analysis would necessarily include a factual determination on each of the elements of negligence which could preclude summary judgment.

The principles set forth in Nehring do not suggest to us a basis for disregarding the unambiguous language in Sheffield's insurance policy. The policy explicitly excludes coverage for liability imposed by violation of a statute or by reason of the sale or service of alcoholic beverages. Nehring did not consider a duty on the part of a bar owner which was not connected to the sale or service of alcohol. While Mr. Tibbetts attempts to argue that there is a basis to consider his allegations of negligence separately from sale or service of alcohol, our analysis of the pleadings and affidavits considered in connection with the granting of summary judgment leads us to conclude that Mr. Tibbetts has failed to set forth a theory of negligence separate and apart from the sale or service of alcohol. As a result, we hold that coverage is specifically excluded by the language of the policy.

Mr. Tibbetts contends that coverage should not be excluded for negligent acts of the bar owner in failing to properly manage the bar and to properly supervise the bar employees. We do recognize that the management and supervision of employees could involve matters not related to the sale or service of alcohol. However, as we analyze the facts presented in support of Mr. Tibbetts' position, we conclude

5

that claims of improper employee supervision or mismanagement of the bar directly relate to the sale or service of alcohol. Mr. Tibbetts has failed to set forth facts which lead us to conclude otherwise. We hold that Mr. Tibbetts' claim is excluded from coverage by the express language of the Sheffield insurance policy.

## II

Did the District Court err in determining that no issues of fact were present and that summary judgment was proper?

Mr. Tibbetts contends that the personal injury action filed necessarily embraces factual issues which were inherent in the declaratory judgment action in which summary judgment was granted. Since we have concluded that all of Mr. Tibbetts' claims arise from the sale or service of alcohol and are therefore excluded from coverage, there is no cause of action in negligence which would raise any issues of fact not already considered by the District Court. The granting of summary judgment was proper. We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices