No. 91-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

SHEFFIELD INSURANCE COMPANY,

       Plaintiff and Respondent,

    v.

LIGHTHOUSE PROPERTIES, INC., a Montana
corporation, GORDON R. HARDING, d/b/a
ANCIENT MARINER BAR, and TODD TIBBETTS,

       Defendants and Appellants.



FILED

MAR 3 1 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Sam E. Haddon and William L. Crowley,
           Boone, Karlberg & Haddon, Missoula, Montana

      For Respondent:

           Steven S. Carey, Garlington, Lohn & Robinson,
           Missoula, Montana

Submitted on Briefs:  January 30, 1992

Decided:  March 31, 1992

Filed:

_____
                Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On February 17, 1989, Todd Tibbetts filed an amended complaint against Gordon R. Harding in which he sought to hold Harding liable for damages arising from the sale of alcohol and management of his business premises. Sheffield Insurance Company, which insured Harding's business, responded by filing a declaratory judgment action in the Twentieth Judicial District in Lake County to determine whether coverage existed for the acts or omissions alleged in Tibbetts' complaint. The District Court granted summary judgment for Sheffield, and held that the insurance policy did not cover damages arising from the acts alleged in Tibbetts' complaint. The District Court also awarded attorney fees to Sheffield under § 37-61-421, MCA. Tibbetts appeals. We affirm in part and reverse in part.

The issues are:

1. Did the District Court err when it held that Tibbetts' amended complaint was barred by the doctrine of *res judicata*?

2. Did the District Court err when it held that the insurance policy excluded liability for the acts alleged in Tibbetts' amended complaint?

3. Did the District Court err when it imposed the sanction of costs and attorney fees against Tibbetts' attorneys?

On October 5 and 6, 1985, Tibbetts and his cousin Vince Kelly had several drinks at the Ancient Mariner Bar in Polson. Later that night, Kelly and Tibbetts had an automobile accident while

Kelly was driving. Tibbetts was severely injured. Tibbetts then sued Harding as the owner and operator of the Ancient Mariner. Tibbetts alleged that Harding had negligently sold alcohol to Kelly and that Harding was, therefore, liable for the damages Tibbetts had suffered.

On September 11, 1986, Sheffield responded by filing a declaratory judgment action in which it sought a ruling that the insurance policy it had issued for the Ancient Mariner did not cover liability for damages arising from the sale of alcohol. The District Court granted summary judgment to Sheffield, and we affirmed. *Sheffield Ins. Co. v. Lighthouse Prop., Inc.* (1988), 234 Mont. 395, 763 P.2d 669 (*Sheffield I*).

On February 17, 1989, Tibbetts filed an amended complaint in which he attempted to set forth an additional theory of liability not based on the sale of alcohol. Specifically, Tibbetts claimed that he was a business invitee, that Harding therefore owed him the ordinary duty of due care, and that Harding breached that duty by allowing Tibbetts to leave the Ancient Mariner in the company of an obviously intoxicated person. Sheffield responded by filing this action for declaratory judgment.

The District Court granted Sheffield's motion for summary judgment. The court found that *res judicata* barred Tibbetts' amended claim and that the insurance policy would exclude that claim even in the absence of *res judicata*. Tibbetts appeals from the judgment of the District Court.

3

# I

Did the District Court err when it held that Tibbetts' amended complaint was barred by the doctrine of *res judicata*?

Tibbetts contends that the District Court erred in its application of *res judicata* because his amended complaint presented a new claim that we did not address in *Sheffield I*. Specifically, he contends that his original complaint alleged liability for the sale of alcohol based on our decision in *Nehring v. LaCounte* (1986), 219 Mont. 462, 712 P.2d 1329, and that his amended complaint presented a claim based upon premises liability.

The District Court held that *res judicata* barred Tibbetts' premises liability claim, based on our decision in *Sheffield I*. *Res judicata* "bars the same parties from relitigating the same cause of action," and furthers the public policy of finality in litigation. *Smith v. Schweigert* (1990), 241 Mont. 54, 58, 785 P.2d 195, 197-98. Generally, *res judicata* bars relitigation not only of issues that have already been decided but also issues that the parties had the opportunity to present for decision. *First Bank Missoula v. Fourth Judicial Dist. Court* (1987), 226 Mont. 515, 519, 737 P.2d 1132, 1134.

Tibbetts argues that in declaratory judgment actions the application of *res judicata* is more narrow and that it does not apply to claims that were not expressly declared or decided in the previous action. In support of his position, he brings to our attention decisions from other jurisdictions which hold that

4

declaratory judgment actions are an exception to the ordinary broad scope of the *res judicata* doctrine. *See, e.g., Bernard v. Gulf Ins. Co.* (Tex. Ct. Civ. App. 1976), 542 S.W.2d 429. He asserts that we did not address his premises liability claim in *Sheffield I* and that, therefore, he is not attempting to relitigate the issues we resolved in that decision.

Although we have not previously considered this exception to the *res judicata* doctrine, we find it unnecessary to do so in this case because we actually addressed Tibbetts' amended claim in *Sheffield I*. In that case we said:

> While Mr. Tibbetts attempts to argue that there is a basis to consider his allegations of negligence separately from sale or service of alcohol, our analysis of the pleadings and affidavits considered in conjunction with the granting of summary judgment leads us to conclude that Mr. Tibbetts has failed to set forth a theory of negligence separate and apart from the sale or service of alcohol. As a result, we hold that coverage is specifically excluded by the language of the policy.
>
> Mr. Tibbetts contends that coverage should not be excluded for negligent acts of the bar owner in <u>failing to properly manage the bar</u> and to properly supervise the bar employees. We do recognize that the management and supervision of employees could involve matters not related to the sale or service of alcohol. However, as we analyze the facts presented in support of Mr. Tibbetts' position, we conclude that claims of improper employee supervision or <u>mismanagement of the bar directly relate to the sale or service of alcohol</u>. [Emphasis added.]

*Sheffield I*, 763 P.2d at 671-72.

Tibbetts asserts that his premises liability claim is separate and distinct from his original liability theory. He asserts that Harding, as a landowner, owed Tibbetts, as a business invitee, a

5

general duty to warn of known hazards existing on Harding's property. He cites *Fuhrer v. Gearhart by the Sea* (Or. 1988), 760 P.2d 874, and Restatement (Second) of Torts § 371 (1976) in support of this theory. Tibbetts contends that Kelly's intoxication was a known hazard, both on and off the premises of the Ancient Mariner, and that Harding, therefore, should have warned Tibbetts of the danger.

The problem with this theory is that Kelly's intoxication still arises from the sale of alcohol. Other jurisdictions have rejected similar attempts to circumvent liquor liability exclusions in tavern and saloon insurance policies. In *Marston v. Merchants Mutual Insurance Company* (Me. 1974), 319 A.2d 111, for example, the court considered a failure to warn claim that was identical to the one alleged in Tibbetts' amended complaint and found that it was excluded under policy language very similar to the language we construed in *Sheffield I*. In *New Hampshire Insurance Company v. Hillwinds Inn, Inc.* (N.H. 1977), 373 A.2d 354, the court found that policy language identical to the language we construed in *Sheffield I* excluded coverage for a tavern owner's failure to "police" patrons as they left the bar.

In *Sheffield I*, we held that the insurance policy excluded coverage for all claims arising from the sale of alcohol on the premises. We conclude that Tibbetts' amended complaint is not based upon an activity unrelated to the sale of alcohol and is therefore barred by the doctrine of *res judicata*.

6

## II

Did the District Court err when it held that the insurance policy excluded liability for the acts alleged in Tibbetts' amended complaint?

The insurance policy provides as follows:

This insurance does not apply:

. . . .

(h)  to bodily injury or property damage for which the indemnitee may be held liable

   (1)  as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

   (2)  if not so engaged, as an owner or lessor of premises used for such purposes,

   if such liability is imposed

      (i)  by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

      (ii)  by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

   but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above.

This provision excludes coverage for liability arising from the sale of alcohol, subject only to an exception in which it affirmatively provides coverage to passive owners who do not actively engage in selling alcohol on the insured premises. Thus,

7

this provision would extend coverage to Harding if he was not actively engaged in the operation of the Ancient Mariner.

Tibbetts sued Harding "d/b/a Ancient Mariner Bar." In his amended complaint, Tibbetts alleged that Harding (1) "owned and operated" the Ancient Mariner; (2) sold 13 to 20 drinks to Kelly on October 5 and 6, 1985; (3) should have known that Kelly was too drunk to drive; and (4) should have warned Tibbetts of the danger. Furthermore, in response to discovery by Tibbetts, Harding admitted that "at times he was engaged in the actual operation" of the Ancient Mariner.

Tibbetts, however, contends that summary judgment was improper because Harding earlier denied taking an active role in the operation of the Ancient Mariner. However, if Tibbetts' allegations regarding Harding's involvement are true, then Harding is not excepted from the exclusion. If they are untrue, Tibbetts has no basis for alleging that Harding is liable to him. Either way, summary judgment was appropriate.

We hold that the District Court did not err when it held that the insurance policy excluded liability for the acts alleged in Tibbetts' amended complaint.

### III

Did the District Court err when it imposed the sanction of costs and attorney fees against Tibbetts' attorneys?

The District Court awarded attorney fees under the authority of § 37-61-421, MCA, which provides:

8

> An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case <u>unreasonably and vexatiously</u> may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct. [Emphasis added.]

Tibbetts argues that courts must act with circumspection in penalizing attorneys under this statute in order to "avoid the chilling of an attorney's legitimate ethical obligations to represent his client zealously."

We agree. Although we have concluded that Tibbetts' amended complaint did not present new issues or circumvent the exclusion in the insurance policy, we do not believe it was "unreasonable and vexatious" for his attorneys to attempt to amend the complaint in a way that would reach Harding's insurance coverage.

We hold that the District Court erred when it assessed costs and attorney fees against Tibbetts' attorneys.

The decision of the District Court is affirmed with respect to its order of summary judgment, but reversed with respect to its imposition of attorney fees.

_____
Justice

9

We concur:

_John Conway Harrison_

_B. C. McDonough_

_William E Hunter_

Justices

March 31, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William L. Crowley and Sam E. Haddon
BOONE, KARLBERG & HADDON
P.O. Box 9199
Missoula, MT  59807-9199

Steven S. Carey
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula, MT  59807-7909

Gordon R. Harding
4376 Mentone St.
San Diego, CA  92107

Jean Siragusa
811 W. Central
Missoula, MT  59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy