**Daniel B. SMITH, Plaintiff and Appellant,**

v.

**Monroe IVERSEN, Defendant and Appellee.**

No. 900341.

Supreme Court of Utah.

March 3, 1993.

Bert L. Dart, Kent M. Kasting, Mark A. Larsen, Salt Lake City, for plaintiff and appellant.

Robert L. Stevens, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

Daniel B. Smith appeals from the lower court's summary judgment against him on his personal injury claim against Monroe Iversen. The district court rejected Smith's claim that Iversen, a co-employee, could be held personally liable to Smith for injuries inflicted when Iversen backed into him with a dump truck. Smith argues that the exclusive remedy provision of the Utah's Workers' Compensation Act, Utah Code Ann. § 35-1-60, does not preclude Iversen from being held liable to a fellow employee if Iversen is sued in his separate capacity as an owner and lessor of the dump truck he was operating at the time of the accident. For this argument, Smith relies on the so-called "dual capacity" doctrine. *See, e.g., Stewart v. CMI Corp.*, 740 P.2d 1340, 1341–42 (Utah 1987) (per curiam); *Bingham v. Lagoon Corp.*, 707 P.2d 678, 679–81 (Utah 1985).

Based on our review of the record, we find that Smith's "dual capacity" argument was not adequately framed in the pleadings nor adequately raised in his summary judgment motion and supporting memorandum. *See, e.g., Bundy v. Century Equip. Co.*, 692 P.2d 754, 758 (Utah 1984); *Valley Bank & Trust Co. v. Wilken*, 668 P.2d 493, 494 (Utah 1983). Because it is fundamental that the trial court should have the first opportunity to address issues later raised on appeal, *see Zions First Nat'l Bank v. National Am. Title Ins. Co.*, 749 P.2d 651, 657 (Utah 1988), we decline to consider Smith's "dual capacity" argument. Consequently, we affirm.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.