No. 99-656

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 114

299 Mont. 407

99 P. 2d 347

KELLA BABCOCK,

Plaintiff and Appellant,

v.

FARMERS INSURANCE EXCHANGE,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Christian T. Nygren; Milodragovich, Dale, Steinbrenner & Binney,

Missoula, Montana

For Respondent:

William R. Bieler; Williams & Ranney, Missoula, Montana

_____

Submitted on Briefs: March 30, 2000
Decided: May 4, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Kella Babcock (Babcock) appeals from the order of the Fourth Judicial District Court, Missoula County, granting summary judgment in favor of Respondent Farmers Insurance Exchange (Farmers).

¶2 We affirm.

¶3 The following issue is presented on appeal:

¶4 Whether the District Court correctly concluded that the liability portion of Babcock's insurance policy did not provide coverage for a horse trailer.

Standard of Review

¶5 The interpretation of an insurance contract is a question of law. *See* Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 376, 945 P.2d 32, 34. We review a district court's conclusions of law *de novo* to determine whether they are correct. *See* Steer, Inc. v. Dept. Of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. Our standard of review in appeals from grants of summary judgment is *de novo*. *See* Meyer v. Creative Nail Design, Inc., 1999 MT 74, ¶ 13, 294 Mont. 46, ¶ 13, 975 P.2d 1264, ¶ 13. To be granted summary judgment, the "moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the moving party to judgment as a matter of law and all reasonable

inferences are to be drawn in favor of the party opposing summary judgment." Kolar v. Bergo (1996), 280 Mont. 262, 266, 929 P.2d 867, 869.

Factual and Procedural Background

¶6 The parties have stipulated to the following facts. Babcock purchased insurance for her Ford truck from Farmers. In August, 1997 Babcock borrowed a neighbor's horse trailer and attached it to her truck. Her truck's trailerball had a diameter of two inches. However, the trailer she borrowed had a hitch that required a two and 5/8ths inch diameter ball. Babcock attempted to tow the trailer with her truck's two-inch trailerball. While she drove on highway 12, the trailer came unhooked, left the road, and struck a fence. The trailer and fence were damaged.

¶7 Farmers paid Babcock for the full cost of the fence's repair. Babcock requested that Farmers also pay for damage to the horse trailer that she estimated at $4,500. Farmers paid $500 toward the trailer, that amount constituting her policy's limit for collision and comprehensive coverage.

¶8 In June, 1998 Babcock brought suit in Justice Court, claiming that Farmers was required to pay for the damage to the horse trailer under the provisions of her liability coverage. The Justice Court granted summary judgment in favor of Babcock. Farmers appealed that decision to District Court. The District Court *sua sponte* determined that the case was appropriate for summary judgment and granted summary judgment in favor of Farmers, concluding that the "plain and ordinary language of the policy's exclusions to liability prevents coverage for damage to the horse trailer beyond the express limitation." From that judgment and order Babcock appeals.

Discussion

¶9 Whether the District Court correctly concluded that the liability portion of Babcock's insurance policy did not provide coverage for a horse trailer.

¶10 Babcock's policy with Farmers provided in pertinent part

1. **Exclusions**

This coverage does not apply to:

. . . .

7. Damage to property owned or being transported by an insured person.

8. Damage to property rented to, or in the charge of, an insured person except a residence or private garage not owned by that person.

¶11 Babcock argues that the provisions of her policy are inherently ambiguous and that the doctrine of reasonable expectations should defeat the exclusionary provisions of the policy. Babcock argues that under her policy's provisions, a consumer of average intelligence would have believed that if an insured became liable for damages to a trailer, Farmers would cover the damages. In support of her contention, Babcock points to "Coverage B" of the policy, which provides that Farmers will "pay damages for which any insured person is legally liable because of . . . property damage arising out of the ownership, maintenance, or use of a . . . utility trailer." Babcock argues further that because the policy defines insured car as including "any utility trailer . . . while attached to your car," the policy's exclusions only apply "when the property damaged is 'being transported.' " Babcock argues that the trailer was not *transported* when it was damaged because it had separated from her truck.

¶12 Babcock asserts further that exclusion 7 fails to define "property" and that it is therefore ambiguous. Noting that her policy elsewhere defines utility trailer, Babcock argues that had Farmers intended to specifically exclude trailers from coverage, it "needed to have done so with particularity and precision." Babcock also argues that the phrase "being transported by" is ambiguous and that it is reasonable to interpret this phrase to refer to "items of property *within* the insured vehicle without actually referring to the vehicle itself."

¶13 Babcock further contends that exclusion 8 is ambiguous because property again is not defined and because the term " 'in the charge of' is problematic and equivocal." Babcock suggests that "in charge of" suggests a legal responsibility on the part of the person charged with the property in question. Babcock asserts that she "ha[d] no such formal, legally binding agreement with the third-party owner of the borrowed horse trailer." Babcock relies on Miller v. Elite Ins. Co. (Cal. Ct. App. 1980), 161 Cal.Rptr. 322, where the court concluded that an insurance policy's exclusion, which referred to " 'property owned or transported by the insured, or property rented to or in charge of the insured,' "

was ambiguous because that language did not indicate whether "property" referred to real property or chattel goods. *Miller*, 161 Cal.Rptr. at 329.

¶14 Farmers responds that Babcock has fundamentally misconstrued the purpose of a liability policy and that as a general rule liability policies do not cover damage to the insured's own property or to property within her control. Farmers argues that to receive coverage for such property, the insured must obtain collision or comprehensive coverage. Farmers recognizes that Babcock had collision coverage but notes that her coverage was limited to $500, which Farmers has paid

¶15 Farmers argues further that Babcock's policy exclusions are clear and unambiguous. Farmers cites Simmons v. Farmers Ins. Group (Utah App. 1994), 877 P.2d 1255, where the insured towed a borrowed horse trailer that was damaged in an accident. Farmers argues and Babcock does not dispute that the insurance policy at issue in *Simmons* had language identical to that of the policy in the present case. The *Simmons* court concluded that the insured's liability policy did not cover damage to the borrowed horse trailer:

> the liability statement of coverage, standing alone, could be read as covering damage to the horse trailer. However, the exclusions to liability coverage prevent coverage for the borrowed trailer. Exclusion 7 states that liability coverage does not apply to "[d]amage to property owned or being transported by an insured person." The horse trailer was being transported by Simmons, the insured in this case. Further, Exclusion 8 provides that liability coverage does not extend to damage to property "in the charge of, an insured person . . . not owned by that person." Simmons clearly did not own the horse trailer. Accordingly, the plain and ordinary language of the policy's exclusions to liability prevent coverage for damage to the horse trailer.

*Simmons, 877 P.2d at 1257.*

¶16 Farmers argues that in essence Babcock is seeking to convert liability coverage into collision coverage that she did not purchase, thus obtaining a "windfall" for herself. Further, Farmers distinguishes *Miller*, arguing that Babcock's policy addressed the ambiguity in the meaning of the word "property" that the *Miller* court recognized by excepting, in provision 8, "a residence or private garage not owned by that person."

¶17 Farmers also responds to Babcock's argument that the exclusion does not apply

because the trailer was not "being transported" when it was damaged. Farmers argues that Babcock has cited no authority for this interpretation and that the accident clearly occurred while Babcock was in charge of and transporting the trailer. Farmer notes that under Babcock's interpretation, a passenger ejected from a car would have no claim for medical payments because the passenger did not "occupy" the vehicle at the time of injury.

¶18 We agree. The doctrine of reasonable expectations does not apply to create coverage where "the terms of the insurance policy clearly demonstrate an intent to exclude [such] coverage." *Stutzman*, 284 Mont. at 381, 945 P.2d at 37 (citation omitted). The liability exclusions in the present case are not ambiguous on their own terms nor are they ambiguous in light of Babcock's policy as a whole. Babcock's policy clearly demonstrates an intent to exclude liability coverage for the damage to the borrowed horse trailer: at the time of the accident, Babcock was transporting the horse trailer and the horse trailer was "in her charge." The District Court correctly concluded that the liability portion of Babcock's policy did not cover the damage to the borrowed horse trailer.

¶19 We hold that the District Court did not err in granting Farmers' motion for summary judgment.

¶20 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.