No. 01-066

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 261

JONATHAN CUSENBARY,

Plaintiff and Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY

COMPANY; ST. PAUL COMPANIES, INC.;

ST. PAUL FIRE AND MARINE INSURANCE

COMPANY; JOHN DOE CORPORATION I;

and JOHN DOE CORPORATION II,

Defendants and Respondents.

APPEAL FROM: District Court of the Eight Judicial District,

In and for the County of Cascade,

Honorable Thomas M. McKittrick, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Norman L. Newhall, Linnell, Newhall, Martin & Schulke,

Great Falls, Montana

For Respondents:

Guy W. Rogers and Don M. Hayes, Brown Law Firm,

Billings, Montana

Submitted on Briefs: June 14, 2001
Decided: December 13, 2001

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Jonathan Cusenbary (Cusenbary) appeals from the order of the Eighth Judicial District Court, Cascade County, granting summary judgment in favor of Respondent United States Fidelity & Guaranty (USF&G). We affirm.

¶2 The following issue is presented on appeal:

¶3 Whether there is coverage under the insurance policy issued to Glen Mortensen for the $750,000.00 judgment entered against him in *Cusenbary v. Mortensen,* Eighth Judicial District Court Cause No. ADV-96-759.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Glen A. Mortensen (Mortensen) is the owner of the Town Tavern, a business which sells, serves and furnishes alcoholic beverages. On July 28, 1993, Cusenbary suffered serious personal injuries at the Town Tavern when a car driven by James Wells (Wells) crashed through the wall of the bar.

¶5 On that evening, prior to the incident giving rise to this action, Wells was a patron of the Town Tavern. Wells arrived at the bar having already consumed a significant amount of alcohol. Wells was in an intoxicated state, and he continued to drink alcoholic beverages that Mortensen's establishment continued to serve him. Wells left the bar

around 10:00 p.m. and drove his vehicle through the Town Tavern's outer wall. Cusenbary was pinned between Wells' vehicle and the water cooler.

¶6 At the time of the incident, Mortensen was insured under a commercial general liability policy issued by USF&G, which contained a liquor liability exclusion. Mortensen tendered the Complaint to USF&G for defense, but USF&G denied coverage and refused to defend, based on the exclusion.

¶7 Cusenbary's claim was tried to a jury, which entered a special verdict finding that Mortensen was negligent; that Mortensen's negligence was the cause of Cusenbary's injuries; that Cusenbary's damages were in the amount of $750,000.00; and that Cusenbary was not entitled to punitive damages. Mortensen appealed, and the verdict and the judgment entered by the District Court were affirmed in *Cusenbary v. Mortensen*, 1999 MT 221, 296 Mont. 25, 987 P.2d 351.

¶8 Mortensen then assigned all of his rights to coverage under his USF&G commercial general liability policy to Cusenbary. Cusenbary filed a Complaint in the present action, alleging two counts of breach of contract, a count alleging tortious breach of the implied covenant of good faith and fair dealing, a count alleging violation of the Unfair Trade Practices Act, and also claiming punitive damages. Cusenbary filed a motion for summary judgment for indemnity up to the amount of policy limits, under Count I, on the single issue of whether USF&G had a duty to indemnify Mortensen based on the judgment. Cusenbary argued that negligent behavior by Mortensen in the management of the tavern, separate from that involved in providing alcohol to Wells, but proved at trial, was also a cause of Cusenbary's injuries for which USF&G had a duty to indemnify Mortensen, as it was not excluded from coverage by the liquor liability exclusion. USF&G filed a cross-motion for summary judgment on all counts of the Complaint. The District Court denied Cusenbary's motion for summary judgment on Count I and granted USF&G's motion for summary judgment on all five Counts. Cusenbary appeals from the District Court's denial of his motion for summary judgment on Count I, and from the grant of USF&G's motion for summary judgment on Count I only.

## STANDARD OF REVIEW

¶9 The interpretation of an insurance contract is a question of law. *Babcock v. Farmers Insurance Exchange*, 2000 MT 114, ¶ 5, 299 Mont. 407, ¶ 5, 999 P.2d 347, ¶ 5. We review a district court's conclusions of law *de novo* to determine whether they are correct.

*Babcock,* ¶ 5. In an appeal from a grant of summary judgment, this Court's standard of review is also *de novo. Babcock*, ¶ 5. To be granted summary judgment, the moving party must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.

*Ensey v. Colorado Casualty, 2001 MT 152, ¶ 7, 306 Mont. 68, ¶ 7, 30 P.3d 350, ¶ 7, quoting Bruner v. Yellowstone County (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903.*

## DISCUSSION

¶10 Did the jury verdict for $750,000.00 in *Cusenbary v. Mortensen* include liability which is not excluded from coverage by the liquor liability exclusion of Mortensen's USF&G commercial general liability policy?

¶11 In *Sheffield Insurance Company v. Lighthouse Properties* (1998), 234 Mont. 395, 763 P.2d 669, the insurer filed a declaratory judgment action seeking a determination that its policy did not cover liability for injuries caused by a driver who was served intoxicating beverages by the insured bar. The Complaint alleged the bar owner and employees knowingly sold alcohol to the plaintiff who was intoxicated, and that the plaintiff's injuries were the direct result of the negligence of the bar in selling alcohol to the plaintiff. The plaintiff also alleged negligence on the part of the bar in the management and supervision of the bar employees. This Court found that the language of the policy was unambiguous, and the policy explicitly excluded coverage for liability imposed by violation of a statute or by reason of the sale or service of alcoholic beverages:

> While Mr. Tibbetts attempts to argue that there is a basis to consider his allegations of negligence separately from the sale or service of alcohol, our analysis of the pleadings and affidavits considered in connection with the granting of summary judgment leads us to conclude that Mr. Tibbetts has failed to set forth a theory of negligence separate and apart from the sale or service of alcohol. As a result, we hold that coverage is specifically excluded by the language of the policy.

*Sheffield, 234 Mont. at 398, 763 P.2d at 671.*

¶12 In this case, USF&G contends that Mortensen's negligence in serving, selling or

furnishing alcohol to Wells, while Wells was visibly intoxicated, is specifically excluded from coverage by the unambiguous language of the policy and that all of Cusenbary's claims were based on the sale or service of alcohol. The exclusion upon which USF&G denied coverage is similar to the exclusion in *Sheffield,* and states in pertinent part:

2. Exclusions.

This insurance does not apply to:

. . .

c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Thus, USF&G denied coverage and refused to defend or indemnify Mortensen for any part of the $750,000.00 judgment that Cusenbary was awarded against Mortensen.

¶13 Cusenbary argues that other negligent behavior by Mortensen, completely independent of that involved in the serving, selling or furnishing of alcohol to Wells, also caused the injuries to Cusenbary that night, and, therefore, coverage is implicated under the USF&G policy. Cusenbary points to evidence which was introduced at trial showing Mortensen was negligent in the manner in which he ran his business, specifically, that Mortensen had little or no experience in running a bar; had no written operating rules or policies; was the sole person responsible for interviewing, hiring and training personnel; had no training materials; had no training program; hired employees with little or no experience; failed to adequately staff the premises; and routinely tolerated disorderly

conditions. Cusenbary argues that since the jury heard evidence of this "other" negligence, the jury's finding that Mortensen was negligent included both the negligence in serving, selling or furnishing alcohol to Wells and the inadequate manner in which he operated the tavern. Further, Cusenbary asserts the "other" negligence by Mortensen would be covered under USF&G's commercial general liability policy, and USF&G has a duty to indemnify Cusenbary up to the limits of the policy for Mortensen's negligent operation of the tavern.

¶14 Cusenbary's argument is unsupported by the record in the underlying case. Throughout the pre-trial process and the trial, Cusenbary's only theory of negligence was Mortensen's act of serving, selling or furnishing alcohol to Wells. Cusenbary's assertions regarding other negligence on the part of Mortensen causing Cusenbary's injuries are directly contrary to any of the pleadings, the Pretrial Order, the statements made by Cusenbary's counsel at trial, the District Court's rulings, and this Court's decision in *Cusenbary v. Mortensen.* When evidentiary matters arose in the trial of the underlying action regarding Mortensen's management of the tavern, Cusenbary's counsel consistently told the trial judge that the evidence was relevant to bolster the liquor liability claim. No assertion was ever made that the proposed evidence was relevant to any other theory of negligence or any other purpose.

¶15 On numerous occasions during the trial, Cusenbary's counsel stated that the only issue was whether Mortensen was negligent in serving, selling or furnishing alcohol to Wells. In pre-trial motions, causation was only argued in terms of Mortensen's breach of his statutory duty not to serve alcohol to visibly intoxicated patrons. The record does not show any evidence was introduced to link Mortensen's "other" negligence to the injuries sustained by Cusenbary. Based on the record and the transcript of the underlying trial, the exclusive cause established for Cusenbary's injuries, and the only basis for the jury's verdict, was the serving of alcohol to Wells. As in *Sheffield,* Mortensen failed to set forth a theory of negligence separate and apart from the sale or service of alcohol.

¶16 After analyzing the facts presented in support of Mortensen's claim in this action, the District Court concluded that the evidence of improper employee supervision and training, and the mismanagement of the tavern, directly related to the service or sale of alcohol to Wells. The District Court further determined that Mortensen failed to set forth evidence that supported an alternative negligence theory. As a matter of law, the District Court found Mortensen's judgment was excluded from coverage by the express language of USF&G's insurance policy.

¶17 We agree with the District Court's finding that all of Mortensen's claims arise from serving, selling or furnishing alcohol to Wells and are thus excluded from coverage. The District Court properly granted summary judgment in favor of USF&G. Its judgment is affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART