JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majority’s conclusions regarding Issues 1 through 3, and 5 through 9.
I also concur with the majority’s conclusion that based on defendant’s plea of guilty, from which no appeal was taken, the aggravating circumstance set forth at § 46-18-303(7), MCA, was correctly found to exist by the District Court.
However, I dissent from that part of the majority opinion which concludes that the aggravating circumstance set forth at § 46-18-303(5), MCA, was present in this case.
The death of defendant’s victims in this case did not result from “a scheme or operation which, if completed, would result in the death of more than one person.”
There was no scheme in this case. Defendant and his companion wanted the victims’ car. In order to escape with the car, they removed *447 the victims from the car and accompanied them to the woods. During the approximate 125 foot journey from the car to the woods, defendant decided to kill his victims. This homicide was a senseless, brutal act, but there was no plan nor scheme involved.
The State contends that the requirements of § 46-18-303(5), MCA, were satisfied because defendant brought a sawed off rifle into the United States with the intention of robbing people. However, there was no evidence that his plan to rob people necessarily included a plan to end anyone’s life.
The aggravating circumstance found in § 46-18-303(5), MCA, simply has no application to the circumstances in this case. It was thrown in for good measure by the sentencing court. However, it is not supported by the record, and on remand I would instruct the District Court not to consider it as an aggravating circumstance when sentencing this defendant.