No.   92-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

   Plaintiff and Respondent,

v.

DEAN GARY CHRISTENSEN,

   Defendant and Appellant.

FILED

JUN 23 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Jeffrey T. Renz and Andrew F. Scott, Legal Intern,
Montana Defender Project, University of Montana,
Missoula Montana

   For Respondent:

     Hon. Joseph P. Mazurek, Attorney General,
Pamela P. Collins, Assistant Attorney General,
Helena, Montana

     Steven Howard, Sheridan County Attorney,
Plentywood, Montana

       Submitted on Briefs: June 2, 1994

          Decided: June 23, 1994

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Dean Gary Christensen filed a petition for post-conviction relief in the District Court for the Fifteenth Judicial District in Sheridan County. The District Court dismissed the petition based on its conclusion that post-conviction relief is only available to persons adjudged guilty of an offense in a court of record. Christensen was convicted of reckless driving and operating a motor vehicle while an habitual traffic offender in the City Court for the City of Plentywood. That court is not a court of record. Christensen appeals the order of the District Court. We reverse and remand.

The issue on appeal is whether the District Court erred when it dismissed the petition for post-conviction relief.

Christensen did not appeal his conviction, but on July 9, 1992, filed a petition for post-conviction relief with the District Court, in which he sought to vacate and set aside the City Court convictions on the bases that he was denied effective assistance of counsel and his right to a jury trial. His affidavit alleged that he was surprised when no jury was present at trial, and that after voicing his objection to his attorney, the attorney motioned him to be quiet and proceeded to trial before the Justice of the Peace. Christensen further alleged that his attorney did not explain that an appeal could be taken from his conviction.

These allegations were refuted in affidavits from Larry O'Toole, Christensen's court-appointed attorney, and Tom Robertson, the City Court Judge who presided at Christensen's trial. However,

2

the District Court did not resolve the factual issue raised by the contradictory allegations. Instead, it dismissed the petition based on its interpretation of § 46-21-101, MCA.

The issue in this case concerns a question of law. We review conclusions of law to determine whether the district court's interpretation of the law was correct. *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619.

The statutory provisions for initiating post-conviction hearings are found at §§ 46-21-101 through -105, MCA. At issue are the following provisions found at § 46-21-101(1) and (2), MCA:

> **When validity of sentence may be challenged.** (1) A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States, that the court was without jurisdiction to impose the sentence, that a suspended or deferred sentence was improperly revoked, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy may petition the court that imposed the sentence or the supreme court to vacate, set aside, or correct the sentence or revocation order.
> (2) If the sentence was imposed by a justice's, municipal, or city court, the petition must be filed with the district court in the county where the lower court is located.

Christensen contends that the District Court improperly amended § 46-21-101(2), MCA, when it concluded that the reference to justice's courts and city courts in that section was "surplusage" because § 46-21-101(1), MCA, limits post-conviction relief to persons adjudged guilty of an offense in a court of

3

record, and that in doing so, the District Court ignored an elementary rule of statutory construction which provides that:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Section 1-2-101, MCA. We agree.

Christensen cites *Gaub v. Milbank Insurance Company* (1986), 220 Mont. 424, 427-28, 715 P.2d 443, 444-45, where we restated the rules of statutory construction. These rules require this Court to construe or interpret a statute in accordance with the intention of the legislature. *Missoula County v. American Asphalt, Inc.* (1985), 216 Mont. 423, 426-27, 701 P.2d 990, 992. However, we must first look to the plain meaning of the words of the statute. *State ex rel. Palmer v. Hart* (1982), 201 Mont. 526, 530, 655 P.2d 965, 967. If the language is plain, unambiguous, direct, and certain, the statute speaks for itself and there is no need to resort to a legislative history or other means of interpretation. *Palmer*, 655 P.2d at 967.

We conclude that the language of § 46-21-101(2), MCA, is clear on its face and it is unnecessary to resort to other means of interpretation. Section 46-21-101(1), MCA, provides the forum in which to file a petition for post-conviction relief from an adjudication of guilt in a court of record. Subparagraph (2) of that section provides the forum in which to petition for relief when the sentence was imposed in other courts, including city court.

4

We conclude that the District Court erred when it dismissed Christensen's post-conviction petition and hold that the remedy of post-conviction relief is available to defendants from a "city court" regardless of whether that court is a court of record as defined by § 3-1-102, MCA, due to the plain and unambiguous language of § 46-21-101(2), MCA.

We, therefore, reverse the judgment of the District Court and remand defendant's petition for post-conviction relief for a hearing on the merits.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5

Justice Karla M. Gray, specially concurring.

I concur in the analysis and result reached by the Court on the single legal issue presented; namely, that the District Court erred in dismissing the petition for postconviction relief on the basis that that remedy is unavailable in the district court to persons adjudged guilty of an offense in a nonrecord court.

I write separately to clarify the intent of the final sentence in the opinion, which "remand[s] defendant's petition for post-conviction relief for a hearing on the merits." My concern is that the words "hearing on the merits" could be read to limit the remand and preclude the State from raising at that time the issue of whether Christensen meets the additional prerequisite to postconviction relief under § 46-21-101, MCA, of "no adequate remedy of appeal."

It is clear that the "no adequate remedy of appeal" portion of the statute was not the basis for the District Court's action in dismissing the petition and is not an issue before us on appeal. That procedural fact should not be interpreted as an undermining of that portion of the statute. Nor should anything in this concurring opinion be construed to suggest that the State raise the issue on remand or to express any opinion that such a position, if taken by the State, would have merit.

_____
                    Justice

6

June 23, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Jeffrey T. Renz
Montana Defender Project
U. of M. School of Law
Missoula, MT 59812

Hon. Joseph P. Mazurek, Attorney General
Pamela P. Collins, Assistant
215 N. Sanders, Justice Building
Helena, MT 59620

Steven Howard
Sheridan County Attorney
Sheridan County Courthouse
Plentywood, MT 59254

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy