No. 99-144

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 168

300 Mont. 307

4 P.3d 651

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LYNN EDWARD FAUQUE,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robyn L. Weber, Attorney at Law, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Mike McGrath, Lewis and Clark County Attorney; Lisa Leckie,

Deputy Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: December 22, 1999

Decided: June 27, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Lynn Edward Fauque (Fauque) appeals from the Judgment and Commitment entered by the First Judicial District Court, Lewis and Clark County, which sentenced him to the Montana State Prison (MSP) for two concurrent terms of 25 years, with all but 4 years suspended. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in applying the 4-year mandatory minimum sentence for sexual intercourse without consent set forth in § 45-5-503(3)(a), MCA (1997).

## BACKGROUND

¶3 The State of Montana (State) charged Fauque by information with two counts of sexual intercourse without consent in violation of § 45-5-503, MCA (1997), and one count of sexual assault in violation of § 45-5-502, MCA (1997), for acts committed against his 14-year-old daughter. The parties subsequently entered into a plea agreement under which Fauque agreed to plead guilty to one count of sexual intercourse without consent and one count of sexual assault and the State agreed to dismiss the second count of sexual intercourse without consent. The District Court accepted Fauque's guilty plea, dismissed the second count of sexual intercourse without consent and ordered a presentence investigation report with a sex offender evaluation.

¶4 Probation officer Cathy Murphy (Murphy) conducted the presentence investigation and counselor Kevin Wyse (Wyse) performed the sex offender evaluation. Wyse determined

Fauque was a moderate risk for sexual reoffense and recommended that Fauque participate in an intensive outpatient sex offender treatment program. He further recommended that Fauque be incarcerated only if the treatment were unsuccessful. Murphy's presentence investigation report recommended that Fauque be sentenced to a term of 25 years in the MSP for each offense, with all time suspended, and that the sentences run concurrently.

¶5 At the sentencing hearing, Murphy testified that, in recommending only a lengthy suspended sentence, she overlooked § 46-18-201(8), MCA (1997), which she believed required a mandatory minimum 30-day period of incarceration. Fauque responded that this Court had held that, as long as there was no serious bodily injury, the 30-day mandatory minimum requirement could be suspended. He relied on a case in which this Court followed the so-called "rule of lenity" and resolved ambiguities in sentencing statutes to the benefit of the defendant. He also argued for application of certain statutory exceptions to the mandatory minimum sentence.

¶6 The District Court ultimately concluded that the 4-year mandatory minimum sentence set forth in § 45-5-503(3)(a), MCA (1997), applied and further determined that Fauque had failed to establish entitlement to the application of any § 46-18-222, MCA (1997), exceptions to that mandatory minimum sentence. Consequently, the court sentenced Fauque to a term of 25 years at the MSP on each count, with all but 4 years suspended, the sentences to run concurrently. Fauque appeals.

## STANDARD OF REVIEW

¶7 "We review a trial court's interpretation of the law, including questions of statutory interpretation, to determine whether the court's interpretation is correct." *State v. Montoya*, 1999 MT 180, ¶ 16, 295 Mont. 288, ¶ 16, 983 P.2d 937, ¶ 16 (citations omitted).

## DISCUSSION

¶8 **Did the District Court err in applying the 4-year mandatory minimum sentence for sexual intercourse without consent set forth in § 45-5-503(3)(a), MCA?**

¶9 Fauque contends that a direct conflict exists between the mandatory minimum sentence for sexual intercourse without consent when the victim is less than 16 years old and the defendant is 3 or more years older set forth in § 45-5-503(3)(a), MCA (1997), and the 30-day mandatory minimum sentence for sexual intercourse without consent when the victim

is less than 16 years old set forth in § 46-18-201(8), MCA (1997). Fauque further contends that the conflict creates an ambiguity which must be resolved in his favor under the so-called "rule of lenity." Because we conclude that no conflict exists, we need not address Fauque's "rule of lenity" argument.

¶10 We construe or interpret statutes in accordance with the intent of the Legislature. *State v. Christensen* (1994), 265 Mont. 374, 376, 877 P.2d 468, 469 (citation omitted). In doing so, we look first to the plain meaning of the words of the statute and, if the language is clear and unambiguous, no further interpretation is required. *Christensen*, 265 Mont. at 377, 877 P.2d at 469 (citations omitted).

¶11 Section 45-5-503(2), MCA (1997), sets forth the generally applicable sentences for a person convicted of sexual intercourse without consent and includes a mandatory minimum 2-year term of imprisonment. Section 45-5-503(3), MCA (1997), sets forth the sentences applicable to persons convicted of sexual intercourse without consent under certain specific circumstances. At issue in this case is § 45-5-503(3)(a), MCA (1997), under which the District Court sentenced Fauque. It provides in pertinent part that "[i]f

> the victim [of sexual intercourse without consent] is less than 16 years old and the offender is 3 or more years older than the victim . . . , the offender shall be punished by . . . imprisonment in the state prison for a term not less than 4 years . . . , except as provided in . . . 46-18-222." Section 45-5-503(3)(a), MCA (1997). Section 46-18-201(8), MCA (1997), provides that if the victim was less than 16 years old, the imposition or execution of the first 30 days of a sentence of imprisonment imposed under 45-5-503 . . . may not be deferred or suspended. Section 46-18-222 does not apply to the first 30 days of imprisonment.

Section 46-18-222, MCA (1997), lists exceptions to statutory mandatory minimum sentences; if a defendant establishes the existence of one of these exceptions, the mandatory minimum sentence does not apply.

¶12 The Legislature clearly intended the 4-year mandatory minimum sentence contained in § 45-5-503(3)(a), MCA (1997), to apply to a person convicted of sexual intercourse without consent when the victim is less than 16 years old and the offender is 3 or more years older than the victim. That is precisely the factual scenario before us in the present case. Fauque was 53 years old at the time of the offense and his daughter was 14. Thus, while the 4-year mandatory minimum sentence contained in § 45-5-503(3)(a), MCA

(1997), is not applicable to any factual circumstances not set forth therein, it applies by its terms to all offenders--like Fauque--convicted on the facts set forth "*except as provided in . . . 46-18-222.*" (Emphasis added.) Here, the District Court determined that none of the § 46-18-222, MCA (1997), exceptions applies and Fauque does not challenge that determination on appeal. Consequently, the 4-year mandatory minimum sentence contained in § 45-5-503(3)(a), MCA (1997), is clearly applicable in sentencing Fauque.

¶13 A plain reading of § 46-18-201(8), MCA (1997), on the other hand, reflects the Legislature's intent that, on a conviction for sexual intercourse without consent involving a victim less than 16 years old, the first 30 days of any mandatory minimum sentence under § 45-5-503, MCA (1997), may not be deferred or suspended under any circumstances and, specifically, that the exceptions provided in § 46-18-222, MCA (1997), do not apply to the first 30 days. In other words, even where a § 46-18-222, MCA (1997), exception to the mandatory minimum sentence set forth in § 45-5-503(3)(a), MCA (1997), exists, a district court may not suspend the first 30 days of the term of imprisonment if the victim is less than 16 years old. In a situation like that before us in the present case, § 46-18-201(8), MCA (1997), simply does not come into play because no § 46-18-222, MCA (1997), exception to the 4-year minimum sentence mandated by § 45-5-503(3)(a), MCA (1997), exists. As a result, no conflict exists, the statutes are clear and unambiguous and we need go no further than their plain language. *See Christensen*, 265 Mont. at 377, 877 P.2d at 469 (citations omitted).

¶14 We hold that the District Court did not err in applying the 4-year mandatory minimum sentence for sexual intercourse without consent set forth in § 45-5-503(3)(a), MCA.

¶15 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER