No. 01-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 95

STEPHEN G. ALLEN and CYNTHIA A. ALLEN,

        Plaintiffs/Counterclaim Defendants/Respondents,

  v.

D.L. HUBBARD,

        Defendant/Counterclaimant/Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula,
                    The Honorable Edward P. McLean, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Robert J. Phillips, Phillips & Bohyer, Missoula, Montana

      For Respondents:

          Richard A. Reep, Kristine J. Beal, Reep, Spoon & Gordon, Missoula,
Montana


                        Submitted on Briefs: January 17, 2002

                                   Decided: May 9, 2002

Filed:


_____
                       Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Duncan Hubbard appeals from the Opinion and Order of the Fourth Judicial District Court, Missoula County, dismissing Hubbard's appeal from small claims court as untimely.  We affirm.

¶2    The following issue is dispositive of this appeal:

¶3    Did the District Court err by including weekends and holidays when it calculated the ten-day, statutory appeal time set forth in § 25-35-803, MCA?

BACKGROUND

¶4    The relevant facts in this case are few and undisputed. Stephen G. Allen and Cynthia A. Allen (collectively, the "Allens") sued Hubbard to recover land survey costs.  On December 12, 2000, Justice of the Peace Karen A. Orzech of the Justice Court, Missoula County, Small Claims Division, entered a judgment in Allen's favor.  Hubbard filed a Notice of Appeal on December 27, 2000.  Judge Edward McLean dismissed Hubbard's appeal as untimely and awarded fees and costs to the Allens on May 21, 2001.  Hubbard appeals the District Court's dismissal.

STANDARD OF REVIEW

¶5    We review a district court's conclusions of law *de novo* to determine whether they are correct.  *See Babcock v. Farmers Ins. Exch.*, 2000 MT 114, ¶ 5, 299 Mont. 407, ¶ 5, 999 P.2d 347, ¶ 5.

DISCUSSION

¶6    Did the District Court err by including weekends and holidays when it calculated the ten-day, statutory appeal time set forth in § 25-35-803, MCA?

¶7    A party has ten days to file a notice of appeal with the district court if dissatisfied with the judgment of a small claims court.  *See* § 25-35-803, MCA.  Here, Hubbard waited fifteen calendar days to file his notice of appeal to the District Court.  He argues, however, that when calculating the statutory time limit, a court should not include weekends or holidays in its calculations.  Under such a calculation, Hubbard would have filed his notice of appeal exactly ten days after the date of the small claims court's judgment.

¶8    When interpreting a statute, we look to the plain meaning of the words.  *See State v. Fauque,* 2000 MT 168, ¶ 10, 300 Mont. 307, ¶ 10, 4 P.3d 651, ¶ 10.  Our aim is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.  If the language is clear and unambiguous, we do not need to conduct further interpretations.  *See Fauque*, ¶ 10.

¶9    The language of § 25-35-803, MCA, is clear concerning the length of time a party has to file an appeal.  It states that, "[a]n appeal shall be commenced by giving written notice to the small claims court and serving a copy of the notice of appeal on the adverse party within 10 days after entry of judgment."  Section

3

25-35-803(1), MCA.  Hubbard, however, urges us to look at two other statutory provisions to conclude that we should not include weekends or holidays in our calculations.

¶10  Hubbard first directs us to the Montana Uniform Rules for the Justice and City Courts (the "Uniform Rules").  Rule 21 of the Uniform Rules states that "[w]hen the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall be excluded."  Hubbard argues that Rule 21 applies because Rule 1(a) of the Uniform Rules states that "[t]hese rules, together with the Montana Justice and City Court Rules of Civil Procedure, govern the practice in all justice and city courts of the State of Montana."  Contrasting the language of the Uniform Rules with that of the Montana Justice and City Court Rules of Civil Procedure, the latter of which specifically excludes small claims actions from its scope, Hubbard maintains that the Legislature clearly intended the Uniform Rules to apply to small claims actions.  *Compare* Rule 1, Mont. Justice and City Court R.Civ.P. (stating that "[t]hese rules govern the procedure in the justice and city courts . . . *except in small claims actions*." (emphasis added)) *with* Rule 1(a) Mont. Unif. R. for the Justice and City Courts (stating that "[t]hese rules . . . govern the practice in all justice and city courts," without mentioning small claims actions).  Examining the language of both the Small Claims Procedure and the Uniform Rules, however, we cannot agree that the Uniform Rules apply to § 25-35-803, MCA.

4

¶11 The rules for Small Claims Procedure vary in several significant ways from the Uniform Rules. For instance, Small Claims Procedure rules do not allow for a form of pleadings other than a complaint or counterclaim. *See* § 25-35-607, MCA. The Uniform Rules, on the other hand, allow for answers and motions for orders. *See* Rules 8 & 9, Mont. Justice and City Court R.Civ.P. Additionally, Small Claims Procedure rules limit the use of counsel, while the Uniform Rules specifically allow counsel to represent a party. *Compare* § 25-35-505, MCA, *with* Rule 14, Uniform Rules. Given these differences, we cannot agree that the Uniform Rules necessarily apply to all procedures in small claims actions.

¶12 Alternatively, Hubbard suggests we apply Rule 6(a), M.R.Civ.P., when calculating the time allowed in § 25-35-803, MCA. Rule 6(a) states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation." In support of his argument, Hubbard directs us to several of our prior decisions for the proposition that Rule 6 applies to appeals to the District Court. None of these cases, however, deals with an appeal from a small claims court. *See In re Adoption of S.E.* (1988), 232 Mont. 31, 755 P.2d 27 (applying Rule 2 of the Uniform Rules, which specifically cites Rule 6(a), to a post-hearing motion in district court); *DeTienne Assoc. Ltd. Partnership v. Montana Rail Link, Inc.* (1993), 261 Mont. 238, 862 P.2d 1106 (interpreting Rule 6(a) in context of a motion for a new trial in district court); *State, By and Through Dept. of Highways v. Helehan* (1977), 171 Mont. 473, 559

5

P.2d 817 (applying Rule 6(a) to Rule 6(e) in context of an appeal from a commissioners' award).

¶13 Hubbard also relies on Rule 1, M.R.Civ.P, which defines the scope of the Rules of Civil Procedure. Rule 1 states that the Rules "govern the procedure in the district courts of the state of Montana . . . with the exceptions stated in Rule 81." In turn, Rule 81(b) states that "[t]hese rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes." We do not dispute that situations will arise where these three provisions must work in concert to complement each other. Nevertheless, we find Hubbard's arguments unpersuasive in this case.

¶14 The language of § 25-35-803, MCA, is unambiguous. It clearly states that a party has ten days in which to file a notice of appeal, without mentioning the exclusion of weekends and holidays. The fact that other chapters of the code make such an exclusion is notable. In general, the Montana Unified Rules for the Justice and City Courts govern justice and city courts, the Montana Rules of Civil Procedure govern district courts and the Small Claims Procedure governs small claims courts. *See generally,* Rule 1, M.R.Civ.P.; Rule 1 Mont. Unif. R. for the Justice and City Courts; § 25-35-501, MCA. Two of the three statutory regimes provide that courts should not count weekends and holidays when calculating

times.  The rules of Small Claims Procedure, however, offer no such provision.

¶15  We will not ignore such a noticeable absence from the Small Claims Procedure's language.  If the Legislature wished to exclude weekends and holidays from the calculation in § 25-35-803, MCA, they could easily have done so, as Rule 21 of the Uniform Rules and Rule 6(a), M.R.Civ.P., do.  Therefore, we conclude that the District Court was correct when it included holidays and weekends when calculating the ten-day limit in § 25-35-803, MCA.

¶16  As a final matter, the Allens request attorney's fees and costs under § 24-35-806, MCA.  The section they cite, however, applies only to appeals from a small claims court to a district court.  The Allens thus cite no authority that supports their request for an award of attorney's fees on appeal from the District Court.  Therefore, we will not grant the Allens their request for attorney's fees incurred in this appeal.  We note only that, as the prevailing party, the Allens are automatically entitled to costs under Rule 33, M.R.App.P.

¶17  Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶18 I dissent. As the Court points out at ¶ 4 of its Opinion, Hubbard filed a notice of appeal from a decision entered in favor of Allen in "Justice Court, Missoula County, Small Claims Division." The Montana Uniform Rules for the Justice and City Courts ("Uniform Rules") apply by their own language to Justice and City courts. Small Claims Court is a division of Justice Court. As the majority acknowledges in ¶ 10 of its Opinion, Rule 21 of the Uniform Rules clearly provides that, "when the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall be excluded." The rule is clear and unequivocal. Nonetheless, the majority has concluded that Hubbard should have gone beyond this Uniform Rule and performed an analysis of other rules, including the Montana Justice and City Court Rules of Civil Procedure, before determining whether Uniform Rule 21 actually applied to his case. I disagree.

¶19 The Uniform Rules do not exclude from their purview actions which take place in the Small Claims division of the Justice Court. Hubbard was therefore entitled to rely on those rules, and should not lose his appellate rights because another set of rules contradicts the Uniform Rules which, on their face, appeared to apply squarely to his case.

¶20 Rule 81(b), M.R.Civ.P., also supports Hubbard's position. It provides:

> These rules [The Montana Rules of Civil Procedure] do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes.

The majority has cited no statute which specifies that intervening weekends and holidays are <u>not to be included</u> in the ten-day time frame set forth in § 25-35-803, MCA.  Therefore, the application of Rule 6(a), M.R.Civ.P., to Hubbard's notice of appeal would not be inconsistent with any statutes governing Small Claims procedures. So, under Rule 81, Rule 6(a) ought to apply.

¶21  It seems to me that we should apply statutes in a manner consistent with Hubbard's right to appeal, instead of seeking statutory interpretations which defeat it.  I dissent.

/S/ PATRICIA COTTER