DA 13-0584

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 116

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

STACEY DEAN RAMBOLD,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-628
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Rod Souza, Deputy County
Attorney, Billings, Montana

      For Appellee:

            Jay F. Lansing, Moses and Lansing, P.C., Nancy G. Schwartz, NG Schwartz
Law, P.L.L.C., Billings, Montana

      For Amicus Legal Voice, Legal Momentum, Montana Now, Pennsylvania Now,
Women's Law Project, and Sexual Violence Law Center:

            Vanessa Soriano Power, Stoel Rives LLP, Seattle, Washington

Submitted on Briefs:  April 2, 2014
Decided:  April 30, 2014

Filed:

        _____
                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     The State of Montana appeals the judgment of the Thirteenth Judicial District Court sentencing the Defendant Stacey Dean Rambold (Rambold) to 15 years for sexual intercourse without consent with all but 31 days suspended.

¶2     The following issues are presented for review:

¶3     *Is this appeal precluded by the State's failure to object to the sentence?*

¶4     *Did the District Court impose an illegal sentence?*

¶5     We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Rambold was charged by Information with three counts of Sexual Intercourse Without Consent in violation of § 45-5-503, MCA (2007),[1] and the State gave notice of its intent to seek a penalty enhancement under § 45-5-503(3)(a), MCA.   Rambold was accused of multiple instances of sexual activity with C.M., a fourteen year-old student at Billings Senior High School, where Rambold was employed as a teacher.  After several continuances were granted, the District Court scheduled a jury trial for April 6, 2010. Before trial, C.M. tragically took her own life.  The State and Rambold entered into a deferred prosecution agreement on July 16, 2010.  In the agreement, the State agreed to forego prosecution, and Rambold agreed to enter a Sexual Offender Treatment Program and comply with its conditions, including avoiding contact with minor children unless expressly approved by his Sexual Offender Program Treatment Provider.

---

[1]     Unless otherwise noted, all references to statute included in this Opinion are to the 2007 version,

2

¶7	Rambold failed to comply with the terms of his deferred prosecution agreement. Rambold's treatment provider, Michael Sullivan, notified the State that Rambold would be terminated from the Sexual Offender Treatment Program due to his diminishing attendance at meetings, engaging in sexual activity with consenting adults without informing his therapist, and unapproved contact with minor-aged family members.

¶8	The State gave notice of its intent to prosecute Rambold on December 31, 2012, and moved the District Court to set the matter for trial. The parties executed a Binding Plea Agreement pursuant to § 46-12-211(1), MCA, on April 15, 2013, which allowed Rambold the opportunity to withdraw his guilty plea if the court rejected the plea agreement. Under the agreement, Rambold agreed to plead guilty to one charge of Sexual Intercourse Without Consent as alleged in Count II of the Information, and the State agreed to dismiss other counts in the Information and to recommend a sentence of 20 years with 10 of those years suspended. Rambold pled guilty to the charge of Sexual Intercourse Without Consent. At sentencing, counsel for Rambold argued for a sentence of 15 years with all but 30 days suspended. The State's sentencing memorandum recommended a prison sentence of 20 years with 10 suspended, and highlighted Rambold's role in the offense as a person in a position of trust who had maintained his relationship with C.M. for months, and who had been warned about inappropriate contact with students in the past.

¶9	The District Court sentenced Rambold to 15 years' incarceration with all but 31 days suspended. The court found that Rambold's violations of the Sexual Offender Treatment

_____

as the charged offense occurred between October and December 2007.

Program were not substantial or serious violations justifying the sentence urged by the State.

The court also took notice of information it gleaned from interviews with C.M.:

> In some respects, the Defendant took advantage of a troubled youth. I've looked at those interviews. And it's easy enough to say the Defendant should have been aware, should not, obviously, have engaged in the conduct that he did. And it was a troubled youth, but a youth that was probably as much in control of the situation as was the Defendant, one that was seemingly, although troubled, older than her chronological age.

After significant public outcry, the District Court apologized, scheduled resentencing, and published an order acknowledging the illegality of Rambold's sentence under § 46-18-205, MCA.[2]

## STANDARDS OF REVIEW

¶10 We review a criminal sentence for its legality to determine whether the sentence is within statutory parameters. *State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, 112 P.3d 1001 (citing *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, 106 P.3d 521).

## DISCUSSION

¶11 *Is this appeal precluded by the State's failure to object to the sentence?*

¶12 The scope of appeal by the State is prescribed by § 46-20-103, MCA. The State may appeal "from any court order or judgment the substantive effect of which results in: (h) imposing a sentence that is contrary to law." Section 46-20-103(2)(h), MCA. This provision clearly allows the State to proceed with an appeal of Rambold's sentence, which the State maintains is contrary to the law.

---

[2] This Court vacated that order and resentencing hearing in *State v. 13th Jud. Dist. Ct.*, OP 13-0590.

4

¶13    Rambold argues that his sentence was not imposed contrary to the law because the provisions of § 46-18-222(5), MCA, and § 46-18-205(1), MCA, allow for the specific sentence imposed by the District Court. Rambold therefore argues that the State has waived the issue of the legality of his sentence because it failed to object at the sentencing hearing. Section 46-20-103(2), MCA, however, does not require the State to formally object in order to preserve an appeal to this Court when the State has recommended to the court a lawful sentence and contested imposition of the sentence actually imposed. Section 46-20-103(2)(h), MCA, allows an appeal by the State when the substantive effect of a judgment is the imposition of an illegal sentence.

¶14    The parties discuss application of *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), to the instant facts. It is not necessary, however, to invoke the exception provided in *Lenihan* when the State is raising the illegality of a sentence. We held in *Lenihan* that an appellate court may review sentences imposed in a criminal case if it is alleged that such a sentence is illegal. *Lenihan*, 184 Mont. at 343, 602 Mont. at 1000. A sentence is legal when it falls within the statutory parameters for that sentence, and is illegal when the court acts without statutory authority for a sentence. *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892; *Lenihan*, 184 Mont. at 342, 602 P.2d at 1000. The *Lenihan* exception is triggered when a challenged sentence is plausibly illegal, and not just objectionable. *State v. Makarchuk*, 2009 MT 82, ¶¶ 29-30, 349 Mont. 507, 204 P.3d 1213 (citing *Kotwicki*, ¶¶ 16-18). As we observed in *Lenihan*,

> The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically

5

authorized . . . . Where, as in this case, it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void.

*Lenihan*, 184 Mont. at 342, 602 P.2d at 1000 (quoting *State v. Braughton*, 561 P.2d 1040, 1041 n.2 (Or. App. 1977)). The *Lenihan* exception affords to a defendant the right to appeal an illegal sentence, a right the State is accorded by statute. Therefore, this appeal is properly before the Court.

¶15    *Did the District Court impose an illegal sentence?*

¶16    The penalty for sexual intercourse without consent when the victim is less than 16 years old and the offender is three or more years older is set forth in § 45-5-503(3)(a), MCA, which provides:

> If the victim is less than 16 years old and the offender is 3 or more years older than the victim or if the offender inflicts bodily injury upon anyone in the course of committing sexual intercourse without consent, the offender shall be punished by life imprisonment or by imprisonment in the state prison for a term of not less than 4 years . . . .

The District Court was required to impose a sentence pursuant to this provision unless a separate statutory exception also applied. Section 46-18-222, MCA, lists exceptions to that mandatory minimum sentence, and Rambold conceded at sentencing that none of those exceptions applied. In his appeal to this Court, Rambold argues that an exception should have been considered under § 46-18-222(5), MCA, which provides an exception when "the threat of bodily injury or actual infliction of bodily injury is an actual element of the crime" and "no serious bodily injury was inflicted on the victim . . . ." That exception is inapplicable, however, due to the nature of the charges filed against Rambold. The State

never alleged that Rambold had used physical force against C.M., nor did Rambold plead guilty to any facts involving infliction of bodily injury. The "threat or actual infliction of bodily injury" is not an "actual element of the crime" charged in this case. Rambold is therefore ineligible for this exception to the mandatory minimum sentence.

¶17 With no other applicable exceptions to the mandatory minimum, we now turn to the legality of the suspended portion of Rambold's sentence. The District Court relied on § 46-18-205(1), MCA, in formulating its sentence. That subsection reads:

> If the victim was less than 16 years of age, the imposition or execution of the first 30 days of a sentence of imprisonment imposed under the following sections may not be deferred or suspended and the provisions of 46-18-222 do not apply to the first 30 days of the imprisonment:
>     (a) 45-5-503, sexual intercourse without consent . . . .

¶18 We examined the proper application of this provision in *State v. Fauque*, 2000 MT 168, 300 Mont. 307, 4 P.3d 651.[3] The statute requires a 30-day minimum sentence even when other exceptions to the mandatory minimum exist under § 46-18-222, MCA. *Fauque*, ¶ 13. When no exceptions to the mandatory minimum are present, the 30-day minimum outlined in § 46-18-205(1), MCA, is inapplicable. *State v. Bailey*, 2004 MT 87, ¶¶ 51-52, 320 Mont. 501, 87 P.3d 1032 (citing *Fauque*, ¶¶ 12-14). As in *Fauque*, Rambold is not eligible for any of the applicable exceptions to the four-year mandatory minimum required by § 45-5-503(3)(a), MCA, so the provisions of § 46-18-205(1), MCA, do not come into play. The District Court's sentence of 15 years with all but 31 days suspended misapplied § 46-18-205(1), MCA.

---

[3] *Fauque* applied the 1997 sentencing statutes. At that time, the language of § 46-18-205(1), MCA,

¶19 We stated in *Fauque* that "[t]he Legislature clearly intended the 4-year mandatory minimum sentence contained in § 45-5-503(3)(a), MCA (1997), to apply to a person convicted of sexual intercourse without consent when the victim is less than 16 years old and the offender is 3 or more years older than the victim." *Fauque*, ¶ 12. In 1999, the Legislature substantially revised Montana's sentencing statutes and enacted § 46-18-205, MCA, restricting the suspension or deferral of mandatory minimum sentences. 1999 Mont. Laws ch. 52. In addition to the language that is now contained in § 46-18-205(1), MCA, the Legislature added a new subsection (2). Section 46-18-205(2), MCA, provides in part:

> Except as provided in 45-9-202 and 46-18-222, the imposition or execution of the first 2 years of a sentence of imprisonment imposed under the following sections may not be deferred or suspended:
>
> . . .
>
> (g) 45-5-503(2) and (3), sexual intercourse without consent . . . .

This subsection now prohibits suspension or deferral of the first two years of the mandatory minimum four-year prison sentence prescribed by § 45-5-503(3)(a), MCA. To the extent *Fauque* could be read to suggest that the four-year minimum sentence in § 45-5-503(3)(a), MCA, requires a four-year prison term, the enactment of § 46-18-205(2), MCA, clarifies that a portion of the term may be suspended even if none of the exceptions specified in § 46-18-222, MCA, apply. Unless other exceptions to a mandatory minimum sentence apply, an offender must be sentenced to serve at least two years of the four-year minimum.

---

was codified in § 46-18-201(8), MCA, but substantively was the same.

The District Court lacked statutory authority to suspend all but 31 days of Rambold's sentence, and its judgment is therefore reversed.

¶20 We have held that, when a sentence is determined to be unlawful under governing statutes, that portion of the sentence cannot be corrected, and we will not remand to the district court to give it the opportunity to correct the illegal provision. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. In those circumstances, it is appropriate to vacate the sentence and remand to the District Court for resentencing. *State v. Petersen*, 2011 MT 22, ¶¶ 15-16, 359 Mont. 200, 247 P.3d 731 (applying *Heafner*). The sentence here was imposed under an inapplicable statute, § 46-18-205(1), MCA. The illegality of this sentence cannot be corrected by striking some portion of the offending language. This Court does not sit as a sentencing court and it is not up to us to decide in the first instance how much, if any, of a defendant's sentence should be suspended. We therefore vacate Rambold's sentence and remand for resentencing.

¶21 On remand for resentencing, we further instruct the court to reassign the case to a different judge to impose sentence. We have considered several factors to decide whether a new judge should be assigned to resentence a defendant in a particular case, among them; whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously-expressed views determined to be erroneous, whether reassignment is advisable to preserve the appearance of justice, and whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *Coleman v. Risley*, 203 Mont. 237, 249, 663 P.2d 1154 (1983)

9

(citations omitted). In *State v. Smith*, 261 Mont. 419, 445-46, 863 P.2d 1000, 1016-17 (1993), we remanded for resentencing to a new judge when the judge's statement at trial evidenced bias against the defendant. Even where bias did not require reassignment to a new judge, we have reassigned where media coverage and public outrage "have snowballed to create an appearance of impropriety." *Washington v. Montana Mining Properties*, 243 Mont. 509, 516, 795 P.2d 460, 464 (1990).

¶22 In the present case, Judge Baugh's statements reflected an improper basis for his decision and cast serious doubt on the appearance of justice. The idea that C.M. could have "control" of the situation is directly at odds with the law, which holds that a youth is incapable of consent and, therefore, lacks any control over the situation whatsoever. That statement also disregards the serious power disparity that exists between an adult teacher and his minor pupil. In addition, there is no basis in the law for the court's distinction between the victim's "chronological age" and the court's perception of her maturity. Judge Baugh's comments have given rise to several complaints before the Judicial Standards Commission, which has recommended disciplinary action by this Court. Those complaints will be addressed in a separate proceeding. Under these circumstances, we conclude that reassignment to a new judge is necessary to preserve the appearance of fairness and justice in this matter.

## CONCLUSION

¶23 For the foregoing reasons, the judgment of the District Court is vacated and this matter is remanded for resentencing.

10

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ LAURIE McKINNON