FILED

08/05/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0230

DA 23-0230

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 173N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BYRON CORNELL KELSEY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-22-23
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
          Charlotte Lawson, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell,
          Assistant Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Ashley Frechette, Deputy
          County Attorney, Kalispell, Montana

          Submitted on Briefs: March 12, 2025

                 Decided: August 5, 2025

Filed:

_____
               Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1  Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2  Byron Cornell Kelsey appeals from the October 28, 2022 Order Disqualifying Defense Counsel and Order for Appointment of New Counsel of the Eleventh Judicial District Court. After a jury verdict finding Kelsey guilty of Assault on a Peace Officer, the court sua sponte entered an order finding defense counsel ineffective, and ordered the appointment of new defense counsel for sentencing. The District Court did not order a new trial. We reverse and remand for a new trial before a new district judge.

¶3  The State charged Kelsey with Assault on a Peace Officer pursuant to § 45-5-210, MCA, after events that occurred on January 22, 2022. Counsel filed a notice that trial may involve a Justifiable Use of Force (JUOF) defense, which was again reflected in the omnibus memorandum. Counsel also filed a motion to dismiss for lack of speedy trial, which the District Court denied after a hearing counsel requested, but at which counsel provided no evidence. The court found counsel's minimal analysis inadequate for at least eight different reasons.

¶4  Kelsey proceeded to a jury trial. Kelsey testified at trial he could not recall most of the day. Kelsey gave three possibilities for his inability to recall the day's events: memory

2

issues caused by dementia in his family; he was intoxicated at the time; and issues remembering stressful situations due to past trauma. Kelsey also testified someone had given him alcohol, and all he remembered after opening it was waking up in jail. Nevertheless, he testified, "[a]t the end of the day, [I'm] not sure exactly why [my] memories of that day aren't intact." The jury found Kelsey guilty of Assault on a Peace Officer. Kelsey informed the author of his presentence-investigation report (PSI) he may have been "roofied."

¶5 After trial, the court sua sponte issued an order finding trial counsel ineffective and ordering new counsel for sentencing. The court found counsel ineffective for numerous reasons, including the attorney's inadequate speedy trial motion and hearing; asserted use of the JUOF defense with no legal basis for it; failure to offer proposed jury instructions supporting a JUOF defense; conduct in offering Kelsey's testimony at trial that brought no discernible benefit or advantage to Kelsey; failure to understand the other offered defense of mental disability or mental disease or disorder; decision to defend the case on evidence that was not competent; and misunderstanding of the relevance of a defendant's voluntary intoxication on the mental state of a crime. The court ultimately concluded counsel's conduct was so deficient as to have violated multiple rules of professional conduct. However, the court concluded: "Were the State's body camera evidence not overwhelming proof of Kelsey's guilt, Defense Counsel's deficiencies and failures in providing effective assistance of counsel would have prejudiced Kelsey's right to a fair trial."

¶6 At Kelsey's first sentencing hearing, the court informed the parties of its concern about the apparent conflict between Kelsey's sworn testimony at trial regarding his lack of

3

memory and the statements he made to the PSI author. The court warned this contradiction could raise the possibility of perjured testimony, which would be a highly aggravating circumstance in sentencing. The District Court granted new defense counsel's motion to continue the sentencing hearing so she could obtain copies of the transcript to address the issue.

¶7 At the second sentencing hearing, the State requested a five-year commitment to the Department of Corrections (DOC). The defense requested the same, but asked that it be suspended. Defense counsel also addressed the court's concerns about perjury. She noted a PSI is not under oath, Kelsey did not control the questions trial counsel asked during his testimony, and Kelsey's testimony was consistent with his PSI statements because he testified to multiple reasons he may not have remembered the events of that day and ultimately did not know why his memory was not intact. Kelsey addressed the court and stated he still did not know what happened to him on that day and only mentioned "the roofie thing" because he had never had an experience like that where he had lost a whole day of recollection.

¶8 The District Court informed the parties the case was "extremely vexing." While recounting perceived failures of trial counsel, the court also pronounced Kelsey had affirmatively testified he could not remember the events of that day due to trauma-induced memory loss. The District Court ultimately concluded this testimony was demonstrably false and Kelsey had committed perjury during trial, which it found as a highly aggravating circumstance for sentencing. Nevertheless, the court blamed trial counsel for orchestrating and presenting false testimony on the belief that Kelsey could never have concocted such

4

a fantastical theory by himself. The court determined trial counsel's performance was "the most tragically offensive aspect of trial." The District Court then concluded:

> If this sentencing were simply about the offense conduct, then the Court would consider the State's recommendation to be well taken, but it is about much more than that.
>
> Mr. Kelsey, and more importantly, his trial counsel, attempted to assert a false and meritless defense that amounted to, legally speaking, a perjured presentation.
>
> .   .   .
>
> And the Court finds it to be both disturbing and highly aggravating.
>
> It is only mitigated by the fact that the Court finds and believes that the record clearly and convincingly demonstrates that Mr. Kelsey went along with the improper scheme of his attorney, rather than coming up with it on his own.

Rejecting the State's and Kelsey's arguments, the court sentenced Kelsey to DOC for nine years with four suspended. Kelsey appeals.

¶9      A district court has discretion to control trial administration in the interest of fairness and justice, including addressing potential Montana Rules of Professional Conduct violations which result in prejudice or adversely impact the rights of the parties in the case before it. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 35, 303 Mont. 274, 16 P.3d 1002. Nevertheless, while "a district court does have discretion to manage courtroom proceedings, a court must do so mindful of a party's constitutional rights." *In re J.S.W.*, 2013 MT 34, ¶ 20, 369 Mont. 12, 303 P.3d 741. We review de novo a question of constitutional rights. *State v. Sebastion*, 2013 MT 347, ¶ 14, 372 Mont. 522, 313 P.3d 198.

5

A district court's findings of fact are reviewed for clear error. *Abbey/Land, LLC v. Glacier Constr. Partners, LLC*, 2019 MT 19, ¶ 33, 394 Mont. 135, 433 P.3d 1230.

¶10 Every criminal defendant has the right to counsel. Mont. Const. art. II, § 24. This right includes the right to effective assistance of counsel. *Miller v. State*, 2012 MT 131, ¶ 12, 365 Mont. 264, 280 P.3d 272. Furthermore, "the role of the trial judge is to regulate the proceedings and ensure that the trial is fair" and the court "is not required to remain silent and passive throughout a jury trial, speaking only to rule on motions or objections." *State v. Price*, 2006 MT 79, ¶¶ 21–22, 331 Mont. 502, 134 P.3d 45.

¶11 The State argues Kelsey did not preserve his argument for appeal because he did not file a motion for a new trial. We exercise plain error review if an unpreserved objection implicates a fundamental right and failure to review the alleged error may cause a manifest miscarriage of justice, leave unsettled a question of the fundamental fairness of a proceeding, or otherwise compromise the integrity of the judicial process. *State v. Trujillo*, 2020 MT 128, ¶ 6, 400 Mont. 124, 464 P.3d 72. We exercise plain error review here, where failure to do so would leave an unsettled question of the fairness of the proceeding against Kelsey.

¶12 A district court judge has statutory authority to grant a new trial, either in response to a motion or sua sponte, "in the interests of justice." Section 46-16-702(1), MCA. The District Court declared counsel ineffective but concluded Kelsey was not prejudiced by

6

counsel's deficient performance without notice or an opportunity for Kelsey to be heard.[1]

In finding there was no prejudice, however, the court effectively precluded a motion for a new trial from Kelsey's new counsel without hearing any argument as to why Kelsey may have been prejudiced by counsel's ineffective assistance. *Accord Broadus*, 664 F. Supp. at 594 n.2 (explaining the court was prepared to grant or deny a new trial based on new defense counsel's motion and the law). The District Court's sua sponte finding of ineffective assistance of counsel here, without giving the parties notice or an opportunity to be heard, required the court to order a new trial.

¶13 The interests of justice demand a new trial. The District Court found trial counsel was ineffective in his jury trial, which resulted in conviction of a serious felony and a sentence of incarceration. In that circumstance, the defendant has a due process right to argue and be heard on a motion for new trial. *Montanans v. State*, 2006 MT 277, ¶ 30, 334 Mont. 237, 146 P.3d 759 (minimum procedural due process right to notice and a hearing appropriate to the nature of the case); *cf. Price*, ¶ 23 (giving parties an opportunity

---

[1] Courts have come to different conclusions on whether a district court has authority to declare counsel ineffective, which we do not decide today. *Compare United States v. Broadus*, 664 F. Supp. 592, 594 n.2, 597 n.6 (D.D.C. 1987) (finding inherent power for district court to sua sponte consider whether trial counsel preformed effectively), *and United States v. Porter*, 431 F.2d 7, 11 (9th Cir. 1970) (failure of trial court to sua sponte take note of evident ineffective assistance of counsel may constitute plain error appropriate for direct appeal), *and Colenburg v. State*, 735 So. 2d 1099, ¶ 8 (Miss. Ct. App. 1999) (holding trial court had duty to declare a mistrial or order a new trial if ineffectiveness apparent from record such that court of appeals could determine ineffective), *with Commonwealth v. Stewart*, 547 A.2d 1189, 1193 (Pa. Super. Ct. 1988) ("The trial court clearly erred in raising and deciding this claim of ineffectiveness on its own motion."), *and State v. Woodworth*, 227 N.E.3d 195, ¶ 44 (Ind. Ct. App.) (holding sua sponte finding of ineffectiveness an abuse of discretion as counsel was not given an opportunity to address trial strategy nor was defendant asked whether she wanted to use her one opportunity for postconviction relief), *and People v. Stewart*, 498 N.W.2d 430, 430 (Mich. 1993) (reversing appellate court's sua sponte order finding ineffectiveness without an evidentiary hearing).

to address a sua sponte objection prior to ruling). Without such notice and hearing, Kelsey was deprived of any argument that counsel's deficient performance prejudiced him.

¶14 We may remand to a new judge under "unusual circumstances," including (1) whether the original judge would be expected to have difficulty in putting previously expressed views out of mind, (2) whether reassignment would preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in the appearance of fairness. *State v. Smith*, 261 Mont. 419, 445, 863 P.2d 1000, 1016 (1993). We find these factors are met here. In particular, it would be difficult for a judge to put previously expressed views that Kelsey participated in perjury out of mind during retrial or resentencing.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Reversed and remanded for a new trial before a different district judge.

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

8