FILED

11/04/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0570

DA 24-0570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 255N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHAWN LEE FOSTER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2021-233
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Tammy A. Hinderman, Appellate Defender Division Administrator,
Dimitrios Tsolakidis, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Selene Koepke,
Assistant Attorney General, Helena, Montana

            Kevin Downs, Lewis and Clark County Attorney, Mary Barry,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  September 24, 2025

Decided:  November 4, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant and Appellant Shawn Lee Foster (Foster) appeals from the July 30, 2024 Judgment issued by the First Judicial District Court, Lewis and Clark County.  We reverse and remand.

¶3     On May 28, 2021, Foster was charged by Information with felony theft, in violation of §§ 45-6-301(1)(b) and -301(7)(b)(ii), MCA (2019), for selling a stolen "enclosed cargo trailer containing multiple ATV's" valued in an amount over $5,000.  The trailer was one of two that had been reported stolen from the Lowell and Juliet Hahn family on or about December 22, 2020.  Foster sold the trailer to a man named Gary Berg for $2,500.  Berg contacted the Hahns via social media after Juliet posted about the theft on Facebook.  Law enforcement discovered one of the ATVs at Foster's residence.  Foster admitted to selling the trailer, but denied that he was responsible for the original theft.  Pursuant to a plea agreement, Foster pled guilty via *Alford* to an amended charge of theft by deception in violation of §§ 45-6-301(2)(a) and -301(7)(b)(i), MCA (2019), for the $2,500 sale of the stolen trailer.[1]  As part of the plea agreement, which was not binding upon the District

---

[1] An *Alford* plea arises from the United States Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970) and allows a defendant to plead guilty to an offense

Court, the State agreed to recommend a three-year commitment to the Montana Department of Corrections (DOC), all suspended, with Foster free to argue for any legal sentence. At the April 22, 2024 change of plea hearing, the District Court reminded Foster the plea agreement's recommended sentence was not binding upon the court: "I could say three years Montana State Prison and you are not going to be able to withdraw this Alford plea."

¶4 The District Court held a sentencing hearing on July 11, 2024. This hearing largely focused on the restitution amount, with Juliet testifying to the Hahns' pecuniary loss of $11,574.25 stemming from the December 22, 2020 theft—including two snowmobiles and an ATV which were never recovered. Foster testified the Hahns' trailer was left on his property by Kyle Verley, who had since passed away, and that he paid Verley the $2,500 he got from Berg for the trailer sale. Foster testified this transaction was witnessed by his father, who had also since passed away. Foster also testified that he repaid Berg, who lives in North Dakota, the $2,500 from the trailer sale "like three days" before the restitution hearing after bumping into him at a friend's house. The District Court ordered Foster to pay $2,500 in restitution because he had pled guilty via *Alford* to the trailer sale, not the thefts from the Hahns, and the court noted it "[didn't] believe that he's paid anybody" and was "not going to give him credit for a dime." The court orally ordered Foster committed to the DOC for five years, with five years suspended. The District Court's written Judgment reflecting the five-year suspended DOC commitment followed on July 30, 2024.

without acknowledging his guilt. *State v. Peterson*, 2013 MT 329, ¶ 8, 372 Mont. 382, 314 P.3d 227 (citing *State v. Locke*, 2008 MT 423, ¶ 18, 347 Mont. 387, 198 P.3d 316).

¶5     Foster appeals.  The State concedes the District Court's five-year sentence was illegal and asserts the matter should be remanded to the District Court for resentencing. Foster contends this Court should simply remand to the District Court with instructions to amend the judgment to a three-year suspended DOC commitment and that resentencing is unnecessary.

¶6     We review a sentence in a criminal case for legality, to determine if the sentence is within statutory parameters.  *State v. Day*, 2018 MT 51, ¶ 6, 390 Mont. 388, 414 P.3d 267 (citing *State v. Burch*, 2008 MT 118, ¶ 12, 342 Mont. 499, 182 P.3d 66).  "Because a district court's sentencing authority is defined by statute, a sentence that strays beyond the bounds of statutory authority is illegal."  *Day*, ¶ 6.

¶7     Foster pled guilty via *Alford* to, and was sentenced for, felony theft of property with a value that exceeded $1,500 but was less than $5,000.  Pursuant to § 45-6-301(7)(b)(i), MCA (2019), a person convicted of that offense who had not previously been convicted of felony theft, such as Foster, "shall be fined an amount not to exceed $1,500 or be imprisoned in the state prison for a term not to exceed 3 years, or both."[2]  The District Court's five-year sentence in this case, where the maximum sentence was three years, was therefore an illegal sentence.  *See State v. Rambold*, 2014 MT 116, ¶ 14, 375 Mont. 30,

---

[2] The penalty provisions of the felony theft statute were substantially revised by the Legislature in 2025 and now provide that any person convicted for the offense of theft of property exceeding $1,500 in value "shall be fined an amount not to exceed $50,000 or be imprisoned in a state prison for a term not to exceed 10 years, or both."  Section 45-6-301(7)(b)(i), MCA (2025 Mont. Laws ch. 583, § 2).

4

325 P.3d 686 ("A sentence is legal when it falls within the statutory parameters for that sentence, and is illegal when the court acts without statutory authority for a sentence.").

¶8 "[W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision. Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions." *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. "[W]hen a sentence is determined to be unlawful under governing statutes, that portion of the sentence cannot be corrected, and we will not remand to the district court to give it the opportunity to correct the illegal provision. In those circumstances, it is appropriate to vacate the sentence and remand to the District Court for resentencing." *Rambold*, ¶ 20 (citing *State v. Petersen*, 2011 MT 22, ¶¶ 15-16, 359 Mont. 200, 247 P.3d 731) (internal citation omitted).

¶9 Foster asks this Court to simply strike two years from his five-year fully suspended sentence, because "it is clear that [the District Court] would have imposed the maximum three-year sentence had it understood and correctly applied the sentencing statute" and such a judgment would have been "consistent with the joint recommendation" of both Foster and the State.[3] We disagree that it is necessarily clear what sentence the District Court would have issued had it understood and correctly applied the sentencing statute in this

---

[3] As previously noted, this was not technically a "joint" recommendation, as the plea agreement called for the State to recommend a three-year suspended sentence but left Foster free to argue for any legal sentence.

case. This Court does not sit as a sentencing court. The original sentence imposed was illegal as conceded by the State. Accordingly, we reverse the District Court's five-year suspended DOC commitment and remand with instructions for the District Court to resentence Foster within the penalty parameters of § 45-6-301(7)(b)(i), MCA (2019).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Reversed and remanded.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE